UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00832 JAK (JEMx) | Date | April 29, 2019 |
| Title | Man Wai Chung v. Jose Alberto Molina, et al. | | |

Present: The Honorable **JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE**

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 11)  JS-6

## I. Introduction

On June 17, 2015, Man Wai Chung ("Plaintiff" or "Chung") brought this action in the Los Angeles Superior Court against Jose Alberto Molina ("Molina"), John Krempasky ("Krempasky"), Haciendas Grandes Development, LLC ("Haciendas"), Southbay Development Services ("Southbay") and Does 1-25. Dkt. 1 at 10-18. On October 6, 2016, Plaintiff filed a First Amended Complaint ("FAC"). The FAC presents three causes of action: (i) breach of joint venture agreements; (ii) fraud; and (iii) unfair business practices, pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq*. Dkt. 11-1 at 2-9. Haciendas filed a cross-complaint ("Cross-Complaint" or "CC"), which presents three causes of action: (i) breach of contract; (ii) fraud; and (iii) tortious interference with prospective economic advantage. *Id.* at 11-17. The trial of the action in the Superior Court was scheduled for February 5, 2019. Declaration of Richard J. Foster ("Foster Decl."), Dkt. 11 at 12, ¶ 6. Molina removed the action on February 4, 2019. Dkt. 1. No other defendant joined in the removal.

On February 25, 2019, Plaintiff filed a motion to remand ("Motion"). Dkt. 11. Molina filed an opposition,[1] and Plaintiff filed a reply. *See* Dkts. 20, 23. It was determined that the Motion was appropriate for resolution without oral argument pursuant to Local Rule 7-15, and the matter was taken under submission. Dkt. 31.

For the reasons stated in this Order, the Motion is **GRANTED IN PART**.

---

[1] The opposition was not timely filed. Molina represents that he did not file the opposition on time because he did not receive service of the Motion. Declaration of Jose Alberto Molina, Dkt. 23 at 8 ¶¶ 2-9. He represents that, with the assistance of an attorney named Justin Irish, he obtained a copy of the Motion for the first time on March 19, 2019. *Id.* That was after the deadline to file an opposition. However, Molina filed his opposition by the extended deadline of March 29, 2019, *see* Dkt. 16. Accordingly, the opposition has been considered in connection with this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00832 JAK (JEMx) | Date | April 29, 2019 |
| Title | Man Wai Chung v. Jose Alberto Molina, et al. | | |

## II.    Analysis

### A.    Legal Standards

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is strictly construed, and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

### B.    Application

Plaintiff argues this action should be remanded for the following reasons: (i) there is neither diversity jurisdiction nor federal question jurisdiction; (ii) the removal was untimely; and (iii) Molina waived any right to remove the action.

#### 1.    Whether There Is Diversity Jurisdiction

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Citizenship of a natural person, for the purpose of diversity jurisdiction, is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*

The Complaint alleges that Chung is an individual who lives in California. Compl. ¶ 1. The Complaint also alleges that Molina is an individual who lives in California. *Id.* ¶ 2. It further alleges that Krempasky is a California resident, and that the corporate defendants are California limited liability companies. *Id.* ¶¶ 3-5. The FAC makes these same allegations. FAC ¶¶ 1-5. The Cross-Complaint also alleges that Chung is an individual who lives in Los Angeles California. CC ¶ 2. It further alleges the Haciendas is California limited liability company. *Id.* ¶ 1. California is the only state mentioned in the Complaint, the FAC, the Cross-Complaint, or any other state court filing provided in connection with the Motion.

Molina does not dispute that he is a citizen of California. Dkt. 1 at 2. In the Notice of Removal, Molina asserts there is diversity of citizenship because "Plaintiff is incorporated in a state other than California and their [sic] principal places of business are located in states other than California[,] [and] [t]hus, Plaintiff is not a citizen of California." *Id.*[2] However, Molina presents no basis for this contention in the

---

[2] In the Notice of Removal, Molina also presents the novel argument that, because Plaintiff does not have standing to bring her claims, her citizenship should be disregarded. However, he does not address this argument

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00832 JAK (JEMx) | Date | April 29, 2019 |
|---|---|---|---|
| Title | Man Wai Chung v. Jose Alberto Molina, et al. | | |

Notice of Removal. It runs counter to the allegations in the Complaint, the FAC, and the Cross-Complaint -- all of which suggest that all parties are California citizens. Moreover, Plaintiff is a natural person, not a corporation. No corporation owned by Plaintiff is a party to this action.

Plaintiff argues that remand is required because Plaintiff and Molina are both citizens of California, and any assertion to the contrary is false. Dkt. 11 at 8. She adds that Molina "bears the burden of supporting his jurisdictional allegations with competent proof," but has not, and cannot, do so. *Id.* Plaintiff also submitted a declaration in connection with the Motion, wherein she affirms her California citizenship. Dkt. 20 at 23; *see also* Dkt. 7-2.[3] She declares: "For the past twenty years, I have been domiciled in the State of California and have been citizen of that state. During that time period, I have never been a citizen of any other state." *Id.* ¶ 2.

In his opposition to the Motion, Molina argues only that there is "possible diversity" because "Chung has lived in the State of Nevada and other states in the past where she may still be domiciled, conducting business, voting, or otherwise have connections that indicate a domicile in one of those states." Dkt. 23 at 6. Molina also submitted a declaration in connection with his opposition in which he describes his research into the potential out-of-state contacts of Chung. *Id.* at 13-17. He contends that Chung engaged in certain business activities in New York; that she obtained loans with respect to certain residential properties in Nevada; that she "participated in political rallies and voter registration activities for Mr. Bernie Sanders when he campaigned against Hillary Clinton between 2014 and 2016," which shows ties to Nevada; that she may have a phone number with a New Jersey area code; and that she may also be "associated" in some manner with Georgia. *Id.* Molina asserts that his research into these alleged out-of-state contacts provided him "reasonable grounds to allege diversity," and he requests jurisdictional discovery "to determine whether full diversity exists." *Id.* at 6, 17.

Plaintiff responds that, "[w]hile it is true that Plaintiff owned properties in other states, she purchased those properties as investments and was always domiciled in California." Dkt. 20 at 2; *see also* Declaration of Man Wai Chung, Dkt. 20 at 23 ¶¶ 2-3. She adds that, regardless, "all of those properties were lost by foreclosure or short sale over eight years ago," several years prior to the filing of this action. *Id.* Plaintiff also contends that "[a]ll of [Molina's] 'evidence' is patently inadmissible, and none of it reflects that Chung is or was domiciled anywhere other than California during the relevant time frame." Dkt. 20 at 8.

The Complaint, the FAC, and the Cross-Complaint all show the absence of complete diversity of citizenship between the adverse parties. This determination is confirmed by Plaintiff's declaration, in which she states that she is a long-time resident and citizen of California. Molina has presented no

---

in his opposition. Nor does it have merit. Even if Plaintiff had no standing, that would not provide a basis for federal jurisdiction. *First*, a federal court lacks jurisdiction to hear a case where the Plaintiff lacks Article III standing. *Bernhardt v. Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). *Second*, even if Plaintiff's citizenship were disregarded, there still would not be any diverse party to this action. *Third*, the citizenship of the sole plaintiff cannot be disregarded for the purpose of determining diversity jurisdiction -- which is premised on diversity between *adverse* parties -- and Molina has cited no authority to the contrary.

[3] The version of the declaration docketed at Dkt. 7-2 was stricken on a procedural ground. However, Molina makes repeated references to the declaration, and it is clear he reviewed it in connection with his opposition. Moreover, the version of the declaration docketed at Dkt. 20 is identical in all material respects to the prior, stricken version.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00832 JAK (JEMx) | Date | April 29, 2019 |
| Title | Man Wai Chung v. Jose Alberto Molina, et al. | | |

admissible, concrete evidence to the contrary. Moreover, even if he could provide factual support for the proposition that Plaintiff previously resided in a state other than California, that does not indicate that she resided outside of California at the time the action was filed, which is the relevant time for the purpose of subject matter jurisdiction. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed").

For the foregoing reasons, there is no showing that there is diversity jurisdiction over this action.

      2.    <u>Whether There Is Federal Question Jurisdiction</u>

28 U.S.C. § 1331 provides a district court with original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Pursuant to the well-pleaded complaint rule, "a suit arises under federal law for 28 U.S.C. § 1331 purposes only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Hawaii ex rel Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (internal quotation marks omitted). "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). Similarly, "removal cannot be based on a . . . cross-claim . . . raising a federal question; to hold otherwise would allow defendants to determine the removability of a case." *Le v. Young Champions Recreation Programs*, No. SA CV 08-414AHSRNBX, 2008 WL 1970186, at *1 (C.D. Cal. Apr. 30, 2008). Thus, the operative analysis calls for an examination of the complaint alone. *See Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011).

Courts must determine federal jurisdiction based solely on what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). A defendant's answer or counterclaim, for example, cannot create federal question jurisdiction where that question is not "presented on the face of the plaintiff's properly pleaded complaint." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

In the Notice of Removal, Molina asserts there is federal question jurisdiction because "Defendant/Counter Plaintiffs presently seek judgment against Plaintiff for injuries that Defendant/Counter Plaintiffs allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act." Dkt. 1 at 2. He states that this action "is a civil action based upon the Federal Debt Collection Practices Act." *Id.*

The Complaint, the FAC, and the Cross-Complaint all present only state law claims. The Complaint presents five causes of action: (i) breach of joint venture agreements; (ii) fraud; (iii) unfair business practices, pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (iv) rescission; and (v) quiet title. The FAC, which was operative at the time of removal, narrows these to three causes of action: (i) breach of joint venture agreements; (ii) fraud; and (iii) unfair business practices, pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.* Even if a cross-complaint could provide a sufficient basis for federal question jurisdiction, the Cross-Complaint advances only state law claims: (i) breach of contract; (ii) fraud; and (iii) tortious interference with prospective economic advantage. No claim brought by any party arises under federal law. There is no reference to the Fair Debt Collection Practices Act, or any other federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00832 JAK (JEMx) | Date | April 29, 2019 |
|---|---|---|---|
| Title | Man Wai Chung v. Jose Alberto Molina, et al. | | |

statute or principle, anywhere in any pleading in this action. Moreover, Molina presents no argument as to federal question jurisdiction in his opposition to the Motion.

For the foregoing reasons, there is no federal question jurisdiction over this action.

\* \* \*

Because there is neither diversity jurisdiction nor federal question jurisdiction over this action, remand is required. Therefore, it is unnecessary to reach Plaintiff's alternative arguments in support of the Motion.

  C.  Request for Jurisdictional Discovery

As noted, in the opposition to the Motion, Molina requests jurisdictional discovery. Dkt. 23 at 6-7. Specifically, Molina seeks "to depose Ms. Chung on issues of diversity to determine whether full diversity exists between the parties." *Id.* Molina contends that such a deposition is appropriate "given the significant contacts [of Plaintiff] outside the State of California which are inconsistent with representations that [s]he has continuously been domiciled in California for the last 20 years." *Id.* Molina declares that he "believe[s] in good faith that Ms. Chung may be a citizen of another state," and that "an opportunity to depose Ms. Chung may reveal precisely what her connections are" to several other states. Declaration of Jose Alberto Molina, Dkt. 23 at 16 ¶ 31.

Plaintiff responds that jurisdictional discovery is not appropriate. Plaintiff notes that "Molina had almost four years during the pendency of the state court action to depose Chung if he wished to do so, and he elected not to." Dkt 20 at 6. Plaintiff contends that this is a "transparent attempt to reopen discovery" by Molina, "under the guise of exploring jurisdictional issues." *Id.* Plaintiff also argues that there is no legitimate basis on which Molina can claim that Chung is domiciled outside of California. *Id.* at 4-5. Further, Plaintiff's rebuttal declaration repeats that she is and has been a California resident and a California citizen at all relevant times. Declaration of Man Wai Chung, Dkt. 20 at 23 ¶¶ 2-3. She adds that the out-of-state properties she owned were "investment properties"; that she resided in San Diego, California "[d]uring the period of time [she] owned these properties"; and that, in any event, she lost each property to foreclosure several years prior to the inception of this action. *Id.* ¶ 3.

"District courts have 'a significant amount of leeway' in deciding whether to grant leave to conduct jurisdictional discovery." *Houston v. Bank of Am., N.A.*, No. CV 14-02786 MMM AJWX, 2014 WL 2958216, at \*4 (C.D. Cal. June 25, 2014) (quoting *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D. Cal. 2001)). Although "[d]iscovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary,' "[j]urisdictional discovery need not be allowed . . . if the request amounts merely to a 'fishing expedition.'" *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *Houston*, 2014 WL 2958216, at \*5 (citation omitted). Nor must jurisdictional discovery be permitted where the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "Instead, a party that wants to take jurisdictional discovery must make at least a colorable showing that jurisdiction exists." *Houston*, 2014 WL 2958216, at \*5 (internal quotation marks, brackets and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00832 JAK (JEMx) | Date | April 29, 2019 |
| Title | Man Wai Chung v. Jose Alberto Molina, et al. | | |

Molina has not made "a colorable showing" that there is diversity jurisdiction. Molina has provided no substantive support for his contention that Plaintiff is not, and was not, a citizen of California at all relevant times. Plaintiff has asserted, and continues to assert, that she is a citizen of California. Molina's request for jurisdictional discovery is nothing more than a "fishing expedition," premised "on little more than a hunch." It is improbable that the requested deposition would reveal any new, relevant information that could not be adduced from the declarations submitted by Plaintiff in support of the Motion. Accordingly, Molina's request for jurisdictional discovery is **DENIED.**

    D.  Plaintiff's Request for Attorney's Fees

Plaintiff seeks an award of the attorney's fees incurred in connection with the Motion.[4] 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorney's fees and expenses is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). When an objectively reasonable basis for seeking removal exists, a request for attorney's fees under Section 1447(c) should be denied. *Id.*

As noted, there is no subject matter jurisdiction over this action. Molina's arguments to the contrary appear to be based on inaccurate representations about the underlying action, combined with mere conjecture as to jurisdictional facts. The law is not ambiguous as to the defects in the removal. There was no "objectively reasonable basis" for removal.

Molina is representing himself in this action. This could provide a reason to excuse his decision to remove an action without a jurisdictional basis to do so. However, not only did Molina make affirmative misstatements in the Notice of Removal, but he removed this action the day before it was scheduled to go to trial in the Superior Court. Foster Decl. ¶ 6. He had a history of seeking delay during the pretrial proceedings in the Superior Court, including by filing seven applications or motions to continue the trial date. *Id.* In addition, Molina actively participated in this action for three and a half years prior to filing the Notice of Removal and states that he removed on the basis of "possible diversity" only. That is not a sufficient basis for removal under well-established law. Further, Molina does not explain or seek to justify any of the arguments he presented in his Notice of Removal in the opposition to the Motion, *i.e.*,

---

[4] Molina misconstrues this as a request for sanctions pursuant to Fed. R. Civ. P. 11 and presents several arguments as to why the request is procedurally deficient under that rule. Because a request for attorney's fees pursuant to 28 U.S.C. § 1447(c) is distinct from Rule 11, Molina's arguments are not addressed. These include arguments with respect to the alleged failure of service. However, to any extent the failure of service arguments could be construed as relating to the request for attorney's fees pursuant to 28 U.S.C. § 1447(c), those arguments also fail. Plaintiff's counsel declares that he arranged for service of the Motion on Molina. Further, Molina reports that he obtained a copy of the Motion on March 19, 2019. As noted, the time for the filing of his opposition was extended by the Court to March 29, and he filed it by that date. Because the opposition has been considered in connection with the Motion, any delay in Molina's receipt of the Motion was harmless. Moreover, Molina failed to keep a valid, updated address on file with the Court -- despite his obligation to do so. Therefore, he bears some responsibility for any difficulty in effecting service. *See, e.g.*, Dkts. 19, 24 (mail returned to the Court as undeliverable); *compare* Dkt. 1 at 1 *with* Dkt. 23 at 1 (different address and contact information listed for Molina across filings, with no intervening change of address submitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-00832 JAK (JEMx) | | Date | April 29, 2019 |
|---|---|---|---|---|
| Title | Man Wai Chung v. Jose Alberto Molina, et al. | | | |

that Plaintiff is an out-of-state corporation, with a principal place of business also outside of California; and that this action arises under federal law. Thus, it appears that Molina concedes that there was no reasonable basis for either of these arguments. Moreover, the new argument as to jurisdiction that is stated in his opposition to the Motion also has no reasonable basis in law.

Counsel for Plaintiff attempted to discuss the lack of a basis for removal with Molina on several occasions, but Molina did not respond. *Id.* ¶ 5; *see also* Ex. 5, Dkt. 11-1 at 33-34. These communications preceded the filing of the Motion and were part of an effort to reduce costs by having Molina stipulate to the remand. *Id.* Had Molina responded to opposing counsel, he could have determined that there was no basis for jurisdiction, thereby reducing the costs associated with the Motion. Indeed, had he discussed the issues with Plaintiff's counsel, it is possible that Plaintiff would have waived any request for an award of attorney's fees as part of a stipulation to remand. In sum, an assessment of these circumstances supports the view that Molina did not remove this action in good faith.

Because there was no objectively reasonable basis for removal, an award of attorney's fees is warranted. Counsel for Plaintiff declares that his hourly billing rate is $400. Foster Decl. ¶ 7. He declares that he has been practicing law since 1981, and that his "rate is reasonable and customary for attorneys with similar skill and experience levels in Los Angeles County." *Id.* Viewed in light of the Court's substantial experience with similar matters in this District, as well as the nature and content of the Motion and supporting materials, this rate is reasonable. However, Plaintiff has not shown that all work on the Motion had to be performed by such a senior attorney.

Counsel for Plaintiff declares that he "spent 15 hours reviewing the notice of removal, researching, drafting and revising this motion and coordinating the exhibits." *Id.* He also declares that he "expect[s] that [he] will spend approximately 6.0 hours analyzing Molina's opposition, drafting a reply brief, and preparing for and attending the hearing." *Id.* ¶ 7. Accordingly, Plaintiff requests an award of $8400 in attorney's fees. In light of the straightforward legal issues presented, the time billed for the work on the Motion is more than was reasonably necessary. Further, there has been no need for time to prepare for or attend a hearing on the Motion, because it was taken under submission.

Applying these factors, it is determined that an award of $5000 in attorney's fees is reasonable.

### III.     Conclusion

For the reasons stated in this Order, the Motion is **GRANTED IN PART**. The Motion is **GRANTED** as to the request to remand, and it is **GRANTED IN PART** as to the requested award of attorney's fees. Plaintiff is awarded attorney's fees in the amount of $5000. Defendant shall pay that amount within 30 days of the issuance of this Order.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-00832 JAK (JEMx) | Date | April 29, 2019 |
| Title | Man Wai Chung v. Jose Alberto Molina, et al. | | |

This action is remanded to the Los Angeles Superior Court at its Norwalk Courthouse (Case No. VC064855).

**IT IS SO ORDERED.**

                                                                                              :

Initials of Preparer     ak